ARTEMIO QUINONES, PETITIONER-APPELLANT, v. JONES PIES, INC., RESPONDENT-RESPONDENT.

Essex County Court
Law Division

Decided June 27, 1958.

*Mr. Everitt Rhinehart* argued for the motion.

*Miss Mabel L. Richardson, contra.*

LYONS, J. C. C. The respondent-appellee moved to dismiss the instant appeal on the ground that the County Court does not have jurisdiction to entertain an appeal from a judgment of the Workmen's Compensation Division in a compensable disease case. The theory of the motion is that since the Legislature failed to provide for the venue of appeals in such cases, it follows that the right to appeal to this court does not exist.

Resort to the statute, *R. S.* 34:15-66, reveals this language:

"Either party may appeal from the judgment of the director, deputy director, or referee, to the County Court of the county in which the accident occurred or, if the accident occurred out of the State, then of the county wherein the hearing was had."

It is argued that appeal from *the judgment* of the Division is delimited by the context to appeal from *the judgment* in accident cases. Thus, failure to designate venue, though venue be not a necessary ingredient of jurisdiction, *State v. Savastini,* 14 *N. J.* 507 (1954), becomes an excluding bar to jurisdiction in all cases other than accident cases.

I am not in sympathy with this view.

The Workmen's Compensation Act is remedial in nature and its provisions, in this as in all other aspects of

its application, must be liberally construed. It is my view that anything less than express legislative prohibition should not deprive litigants of their right of appeal to this forum in cases involving occupational disease.

The rationale of the case of *Frank Desiderio Sons, Inc., v. Blunt,* 11 *N. J. Misc.* 494 (*Sup. Ct.* 1933), is not dispositive of the problem here presented, since the constantly changing form of the legislative expression of the Common Pleas Court's powers in connection with appeals in accident cases was made the basis of the conclusion that the Legislature deliberately excluded jurisdiction in cases where the accident occurred outside of the state.

The reasoning found in the case of *Weir v. New Amsterdam Casualty Co.,* 128 *N. J. L.* 214 (*Sup. Ct.* 1942), persuades me to the view that in the instant situation it should be concluded that jurisdiction exists and that the venue may be laid in accordance with the provisions found in *R. S.* 34:15–53, pertaining to the place of hearing of the original petition.

The motion to dismiss is denied. An appropriate order may be submitted.